THE STATE, EX REL. HUGHES, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.
THE STATE, EX REL. ROMINE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(Nos. 71-280 and 71-281—Decided February 9, 1972.)

92

*Messrs. Gallon & Miller, Messrs. Barkan, Barkan & Neff* and *Messrs. Howdyshell & Dodd,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. R. Peterson Chalfant,* for appellee.

COLE, J. As these cases involve identical issues, they are considered together. In each, relator seeks reversal of an order of the Court of Appeals denying a writ of mandamus. The nature of the relief requested establishes the framework for consideration of the issues. In *State, ex rel. Marshall,* v. *Keller* (1968), 15 Ohio St. 2d 203, it is said:

"* * * Before a writ may issue there must be a clear legal duty on respondent to act, and, where the evidence is conflicting, a court cannot substitute its judgment for that of the commission and find that the commission abused its discretion."

Again in *State, ex rel. Szekely,* v. *Indus. Comm.* (1968), 15 Ohio St. 2d 237, paragraph four of the syllabus reads:

"Where there is substantial evidence to support the finding by the Industrial Commission on a question of fact, a court cannot, as an essential basis for awarding a writ of mandamus, substitute its finding on that question of fact for that finding by the Industrial Commission."

In issue in the present situation is the question whether

relators were or were not permanently and totally disabled. This is essentially an issue to be answered by a consideration of the evidence presented to the commission. The Court of Appeals held that there was substantial evidence in each case, both pro and con, and thus the matter lay within the sound discretion of the commission.

The essential claim of each relator is that evidence of vocational limitation and psychological inadequacies magnified the purely physical disabilities to such an extent that total and permanent disability resulted. The claimants were, it is alleged, no longer employable as a result of this combination of underlying and preexisting mental deficiencies and lack of vocational abilities with a physical handicap resulting from injury. It is asserted that the commission either ignored or rejected this evidence.

The ultimate finding of the commission in each instance was not limited to the specific issue, but was general, simply determining that the commission found that the claimant was not totally and permanently disabled. It does not establish that such evidence was ignored or that it was rejected as being irrelevant to the problem before it. Therefore, the only way such an assertion can be maintained is by showing that there was no conflict in evidence to be resolved by the commission.

This, too, cannot be maintained. In each case, in addition to the evidence of psychologists and psychiatrists, submitted by the claimants with their motions, there was also submitted to and considered by the commission all the medical reports included in each case from its inception. There were medical opinions directly contradicting the assertion of total and permanent disability made at the time of previous motions. The preexisting mental and vocational inadequacies of relators, if any, were existing at those times and observable by all medical examiners. The cumulative effect of this evidence, taken in historical sequence, was to put evidentiary material on both sides of the issue as to the extent of disability.

There was, therefore, as the Court of Appeals deter-

mined, a conflict of evidence, and in each case there was substantial evidence upon which the Industrial Commission could base its finding that the respective relators were not permanently and totally disabled.

This being the case, the Court of Appeals was correct in not issuing a writ of mandamus which would, in effect, substitute its judgment on a question of fact for that of the commission. The judgments are therefore affirmed.

*Judgments affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

COLE, J., of the Third Appellate District, sitting for DUNCAN, J. JUDGE COLE of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE COLE did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.